UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE SAMUEL CELA VELASQUEZ,<br>Petitioner,<br>v.<br>WARDEN, CENTRAL VALLEY ANNEX DETENTION FACILITY, et al.,<br>Respondents. | No. 1:26-cv-07997-DC-CSK (HC)<br><br>ORDER GRANTING PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS AND MOTION FOR A TEMPORARY RESTRAINING ORDER<br><br>(Doc. Nos. 1, 2, 3, 4, 10) |

This matter is before the court on Petitioner's motion for a temporary restraining order (Doc. No. 3), filed in conjunction with his petition for writ of habeas corpus brought under 28 U.S.C. § 2241, challenging his ongoing immigration detention. (Doc. No. 1.) Respondents do not oppose the court ruling directly on the habeas petition. (Doc. No. 9 at 4.) Petitioner opted not to file a reply brief and thus has not affirmatively opposed the court simultaneously ruling on the habeas petition and motion for temporary restraining order. For the reasons explained below, the court finds that Respondents violated the Immigration and Nationality Act and its implementing regulations by effectuating Petitioner's arrest before issuing his notice to appear initiating removal proceedings. The court further finds that Respondents violated Petitioner's constitutional right to due process by predicating Petitioner's arrest on a warrant that fails to provide any basis to believe that Petitioner is removable from the United States. Thus, the court will grant Petitioner's habeas petition and motion for a temporary restraining order and will order his

immediate release.

**BACKGROUND**

Petitioner Jose Samuel Cela Velasquez is a native of Ecuador. (Doc. No. 1 at 5.) Petitioner entered the United States without inspection on or about April 29, 2019. (*Id.*) Petitioner does not have any previous interactions with immigration authorities. (*Id.* at 5–6.)

Petitioner was detained by United States Immigration and Customs Enforcement ("ICE") officers on June 12, 2026.[1] (Doc. No. 1 at 73.) The officers were "conducting surveillance in support of a [Homeland Security Investigations] Search Warrant for harboring illegal aliens at 99 Wilton Ter Rochester, NY 14619." (*Id.*) Upon execution of the search warrant, the ICE officers detained Petitioner, together with two other noncitizens. (*Id.*) One of those noncitizens was identified as lawfully present in the United States and was released. (*Id.*) Petitioner and the other noncitizen were served an arrest warrant and were detained. (*Id.*) Petitioner has been in ICE custody since that time. (*Id.* at 3.) He is currently detained at the Central Valley Annex Detention Center. (*Id.*) On September 18, 2026, Petitioner was provided a custody redetermination hearing before an immigration judge who denied Petitioner's release, finding that he was a flight risk. (*Id.* at 6.)

On September 28, 2026, Petitioner filed the pending habeas petition alleging that his continued detention violates his constitutional right to due process. (*Id.* at 16.) On that same day he filed the pending motion for temporary restraining order seeking his immediate release, or in the alternative, a bond hearing before an immigration judge where the government bears the burden of justifying his continued detention. (Doc. No. 3.) On October 2, 2026, Respondents filed their opposition in which they argue that Petitioner is lawfully detained under 8 U.S.C. § 1226(a),

---

[1] This information is obtained from the record of deportable alien attached to both Petitioner's habeas petition and Respondents' opposition. (Doc. Nos. 1 at 71–74; 9-1 at 1–4.) The bulk of that record describes ICE's 2012 encounter and 2025 arrest of a third-party noncitizen not appearing to bear any relation to Petitioner. In their opposition, Respondents acknowledge that the record "references a 2012 interaction with an unrelated noncitizen" but do not otherwise indicate why this third party's immigration record is included in Petitioner's record. As discussed further below, this inclusion is one of several unexplained procedural deficiencies plaguing Petitioner's immigration record.

and that he has already received all the process to which he is entitled under that statute. (Doc. No. 9.) Respondents contend that, to the extent Petitioner challenges the outcome of his bond hearing, prudential exhaustion requires that Petitioner challenge that outcome before the Board of Immigration Appeals before seeking relief in this court. (*Id.* at 3.) Respondents attach to their opposition Petitioner's record of deportable alien (Doc. No. 9-1 at 1–4); a notice of custody determination dated August 6, 2026 (*Id.* at 5); a notice to appear dated July 29, 2026 (*Id.* at 6–9); a notice to the executive office for immigration review of Petitioner's address change following his detention (*Id.* at 10); a second notice of custody determination dated June 12, 2026 (*Id.* at 11); an arrest warrant and order to detain dated June 12, 2026 (*Id.* at 12–13); and a second notice to appear dated June 14, 2026 (*Id.* at 14–17).

**LEGAL STANDARD**

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). "[T]he 'in custody' provision . . . requires only that a petitioner be incarcerated—or, as here, in INS custody—at the time a habeas petition [was] filed." *Abdala v. I.N.S.*, 488 F.3d 1061, 1064 (9th Cir. 2007). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr.*, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678 (2001).

**DISCUSSION**

In his habeas petition, Petitioner contends that he was unlawfully detained pursuant to a warrantless arrest, and that his continued detention lacks sufficient procedural protection to satisfy his right to due process. (Doc. No. 1 at 5–16.) In their opposition, Respondents argue that

Petitioner is detained pursuant to 8 U.S.C. § 1226(a), that he was arrested pursuant to a lawful arrest warrant under that statute, and that he has already received a custody redetermination hearing such that he is not entitled to any additional relief. (Doc. No. 9 at 2–5.)

Respondents indicate that Petitioner is detained pursuant to § 1226(a), which allows the government to detain a noncitizen pursuant to an arrest warrant "pending a decision on whether the [noncitizen] is to be removed from the United States." 8 U.S.C. § 1226(a). Federal regulations make clear that the noncitizen may be arrested under § 1226(a) pursuant to an arrest warrant "[a]t the time of issuance of the notice to appear, or at any time thereafter and up to the time removal proceedings are completed." 8 C.F.R. § 1236.1(b)(1). Numerous courts, both inside and outside of the Ninth Circuit have found that the plain language of § 1236.1 requires that the Notice to Appear initiating removal proceedings be issued *before* the arrest warrant to be lawful. *See, e.g., Mudiyanselage v. Warden Cal. City Det. Facility*, No. 1:26-cv-02969-DAD-DMC, 2026 WL 2364505, at *5 (E.D. Cal. Aug. 14, 2026) ("The plain language of [§ 1236.1(b)(1)] establishes that Respondents' authority to issue a Form I-200 Warrant of Arrest begins *after* a Notice to Appear is issued."), *report and recommendation adopted by* 2026 WL 2495014 (E.D. Cal. Aug. 25, 2026); *Zurita Navarro v. Warden, Cent. Valley Annex Det. Facility*, No. 1:26-cv-05661-DAD-SCR, 2026 WL 2294963, at *2 (E.D. Cal. Aug. 10, 2026) (emphasizing that "failure to issue a Notice to Appear charging the petitioner as inadmissible prior to, or contemporaneously with, the detention of the petitioner . . . provide[s] a sufficient basis mandating a petitioner's release"); *Loaeza v. Bausch*, No. 26-cv-00945-MAV, 2026 WL 2150155, at *1 (W.D.N.Y. July 27, 2026) ("In other words, without a valid [Notice to Appear] in place, removal proceedings are not pending, and Respondents have no authority to make an arrest or effectuate detention pursuant to § 1226(a).").

Here, Petitioner's arrest warrant was executed on June 12, 2026, the day of Petitioner's arrest. (Doc. No. 9-1 at 12.) Petitioner's first notice to appear was executed on June 14, 2026, two days *after* execution of his arrest warrant and detention. (*Id.* at 6.) Thus, Petitioner's notice to appear was executed after execution of both Petitioner's arrest warrant and his arrest. This court joins its sister courts in finding that the plain language of 8 C.F.R. § 1236.1(b)(1) requires that an

arrest warrant be executed and effectuated after, or contemporaneous with, issuance of the notice to appear.

Further, while Petitioner was detained pursuant to an arrest warrant issued contemporaneously with his arrest, the issuing officer failed to check any box indicating the basis for his determination that "there [was] probable cause to believe that [Petitioner] is removable from the United States." (*Id.* at 12.) Thus, it is impossible for any reviewing party to determine if probable cause exists for Petitioner's detention. The court finds that Respondents' failure to provide any basis to conclude that Petitioner's detention was justified upon his detention violates his right to due process. *See Coria Ramirez v. Albaran*, No. 26-cv-06973-CRB, 2026 WL 2001151, at *3 (N.D. Cal. July 10, 2026) (finding that noncitizen's arrest violated due process where the authorized officer's conclusion that "'there is probable cause to believe that' [the p]etitioner was removable" was "based upon nothing").

This court joins its sister courts in finding that an arrest occurring before issuance of the notice to appear is unlawful, absent exigent circumstances not alleged here, and that immediate release is the appropriate remedy. *See Mudiyanselage*, 2026 WL 2495014, at *2 (ordering the petitioner's immediate release due to his arrest occurring before the notice to appear was executed); *Loaeza*, 2026 WL 2150155, at *2 (same). This court further joins its sister courts in finding that where an arrest warrant indicates that the probable cause determination was based upon nothing, the resulting detention violates the petitioner's right to due process and mandates immediate release. *Coria Ramirez*, 2026 WL 2001151, at *5. Finally, because Petitioner challenges the lawfulness of his arrest and detention rather than the immigration judge's discretionary denial of his release on bond, the court waives the prudential exhaustion requirement. *See Hernandez v. Sessions*, 872 F.3d 976, 989 (9th Cir. 2017) (holding that waiver of exhaustion was proper where the petitioner raised a purely legal challenge to his immigration detention).

**CONCLUSION**

For the reasons stated above,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) and motion for a

temporary restraining order (Doc. No. 3) are GRANTED as follows:

a. Respondents shall immediately release Petitioner Jose Samuel Cela Velasquez (A-241-108-978) from their custody;

b. Upon his release, Respondents shall not impose any additional restrictions on Petitioner, such as electronic monitoring, unless that is determined to be necessary at a future custody hearing;

c. Respondents shall RETURN all of Petitioner's documents and possessions upon his release from custody;

d. If the government seeks to re-detain Petitioner, they shall provide him with a prompt bond hearing at which Petitioner shall bear the burden of showing that he is not a flight risk or a risk to community safety;

2. The remaining pending motions (Doc. Nos. 2, 4, 10) are DENIED as having been rendered moot by this order;

3. The Clerk of the Court is directed to serve a copy of this order on the Central Valley Annex Detention Facility; and

4. The Clerk of the Court is directed to enter judgment for Petitioner and close this case.

IT IS SO ORDERED.

Dated: **October 20, 2026**

Dena Coggins
United States District Judge